IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Lifeng Lee Hsu | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| Wolpoff & Abramson, L.L.P., | ) |
| Great Seneca Financial Corporation, | ) |
| Palisades Acquisition XVI, L.L.C., | ) |
| Fox Rothschild, L.L.P., and | ) |
| Neal J. Levitsky | ) |
| | ) |
| Defendants | ) |

Civil Action No.:  1:08-CV-00293-SLR

## DEFENDANTS' MOTION TO DISMISS

Your Defendants Wolpoff & Abramson, L.L.P., Great Seneca Financial Corporation, Palisades Acquisition XVI, L.L.C., Fox Rothschild L.L.P., and Neal J. Levitsky, by and through their attorneys, respectfully move this Honorable Court to dismiss the complaint in this matter pursuant to Fed.R.Civ.P. Rule 12(b)(6) and respectfully refer this Court to the supporting Memorandum.

WOLPOFF & ABRAMSON, L.L.P.

BY: _____

Neal J. Levitsky, Esquire (No. 2092)
Seth A. Niederman, Esquire (No. 4588)
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Ste. 1300
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 654-7444

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Lifeng Lee Hsu<br><br>  Plaintiff<br><br>vs.<br><br>Wolpoff & Abramson, L.L.P.,<br>Great Seneca Financial Corporation,<br>Palisades Acquisition XVI, L.L.C.,<br>Fox Rothschild, L.L.P., and<br>Neal J. Levitsky<br><br>  Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.:  1:08-CV-00293-SLR |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

I.    INTRODUCTION

Lifeng Hsu, a resident of Hockessin, Delaware (Plaintiff's Complaint ["Compl."] ¶2) has

sued Wolpoff & Abramson, L.L.P. ("W&A"), a law firm practicing in the field of creditor rights

and debt collection (Compl. ¶3), W&A's clients, Great Seneca Financial Corporation ("Great

Seneca") (Compl. ¶4) and Palisades Acquisition, L.L.C. ("Palisades") (Compl. ¶5) and W&A's

local counsel Neal Levitsky, (Comp. ¶7), of the law firm Fox Rothschild, L.L.P. (Comp.¶6).

Plaintiff's Complaint arises out of collection activity and litigation to pursue Plaintiff for his

delinquent credit card debt.  Based on alleged improper action in the collection and litigation

process, Plaintiff asserts causes of action under the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10) and 15

U.S.C. § 1692f(1).  Plaintiff seeks declaratory relief, actual damages for emotional distress,

statutory and punitive damages.

1

II.    FACTS

On June 29, 2005, Mr. Levitsky and Fox Rothschild, LLP, filed suit on behalf of Great Seneca (as assignee) against Hsu seeking payment of the balance due and owing on a credit card debt ($11,616), together with interest at 24 percent per annum from February 18, 2005 until paid, plus court costs, plus attorney fees of 20 percent. (Exh. A.)[1]   On May 17, 2006, the Court of Common Pleas for the State of Delaware, in and for New Castle County, the Honorable Joseph F. Flickinger III, granted Summary Judgment in favor of Great Seneca. (Exh. B.) Hsu filed a Motion to Amend Judgment, which was denied by the Court of Common Pleas on June 28, 2006. (Exh. C.)

Hsu filed an appeal in the Delaware Superior Court, and that Court affirmed with one exception[2] all of the lower court's legal and factual findings regarding the debt owed and the judgment entered. (Exh. D, ¶16.) The Court held that Hsu was obliged as the debtor on the account (Exh. D, ¶5) and that Great Seneca was entitled to summary judgment on the defaulted credit card account. (Exh. D, ¶16; Exh. B, at 1 & 9.)   Hsu's further appeal to the Delaware Supreme Court was dismissed for failure to comply with the appellate rules. (Exh. E, at  4, 01/10/2008.)

In January 2008, Great Seneca, through its counsel attempted to obtain an amended order of judgment that would indicate the specific dollar amounts allowed. (Exh. E, at 3-4,

---

[1] On a Motion to Dismiss, this Court may properly consider any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." Buck v. Hampton Tp. School Dist., 452 F.3d 256, 260 (3rd Cir. 2006), citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004). Here, this would include taking judicial notice of the public records of the State court collection action (Great Seneca v. Hsu, Court of Common Pleas of the State of Delaware in and for New Castle County, Action No. 2005-06-493) and on appeal therefrom (Hsu v. Great Seneca, Superior Court of the State of Delaware, in and for New Castle County, Action No. 06A-07-005 MMJ.)

[2] The Superior Court found that Hsu had raised a material issue of fact as to whether a letter dated March 21, 2005 was timely mailed, so as to require that collection efforts temporarily cease, and further held that the letter was sufficient notice that the debt was disputed pursuant to 15 U.S.C. §1692g(b). The judgment on those issues was reversed and remanded for further proceedings. (Exh. D, ¶16.) Hsu has another action against Great Seneca, W&A, Mr. Levitsky and Fox Rothschild, LLP pending in this Court on claims related to that collection activity. (1:06-cv-401-KAJ.)

01/03/2008). On April 4, 2008, Great Seneca filed a Motion to Amend Judgment, again seeking to have the judgment include a dollar amount. (Exh. E, at 4, 04/04/2008; Exh. F.) Within the last two weeks, the Court of Common Pleas, entered an amended judgment in favor of Great Seneca in the amount of $11,616.00, plus costs and interest at the legal rate. (Exh. E, at 4, 06/27/2008).

III.    THE FAIR DEBT COLLECTION PRACTICES ACT

In 1977, Congress passed the Fair Debt Collection Practices Act for the purpose of eliminating abusive debt collection practices. (15 U.S.C. § 1692(e)). In 1986, Congress repealed the prior exemption enjoyed by attorneys collecting debts on behalf of clients. See, Heintz v. Jenkins, 514 U.S. 291 (1995).

There are three major regulatory components to the FDCPA. First, debt collectors are required to furnish an initial written notice to a debtor pursuant to 15 U.S.C. § 1692g. The notice must disclose the debtor's right to dispute the validity of the debt and to make a written demand within thirty (30) days of receipt of the notice to obtain documentation verifying the obligation. Collection efforts must cease upon receipt of a timely written demand for validation until the collector obtains verification of the debt and sends it to the debtor. Second, the FDCPA limits communications that a debt collector may have with either the debtor (15 U.S.C. § 1692c) and/or with third parties (15 U.S.C. § 1692b). The third major regulatory component addresses prohibited conduct, the so-called "substantive heart" of the FDCPA. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002). Under these provisions, collectors may not engage in conduct which harasses or abuses a debtor (15 U.S.C. § 1692d); collectors may not make false or misleading statements in connection with the collection of a debt (15 U.S.C. § 1692e); and collectors may not engage in unfair collection practices (15 U.S.C. § 1692f).

3

In this case, Plaintiff apparently complains that the Defendants made false representations as to the character, amount or legal status of his debt or as to the compensation which may be lawfully received by any debt collector for the collection of a debt [15 U.S.C. §1692e(2)], the Defendants used false representations or deceptive means to collect or attempt to collect any debt [15 U.S.C. §1692e(10)] and attempted to collect an amount (including interest, fee, charge or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. §1692f(1). As shown below, his Complaint fails to set forth facts showing any violations of the applicable statutes.

V.   STANDARD OF REVIEW

The Supreme Court recently reformulated the standard governing rulings on motions to dismiss under Rule 12(b)(6). The Court, opined that the prior "no set of facts" standard articulated in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957) had "(puzzled) the profession for fifty (50) years . . . (and) . . . has earned its retirement." <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. ___, 127 S. Ct. 1955, 1969 (2007). The new standard imposes upon a Plaintiff the "obligation to provide the grounds of his entitlement to relief, [which] requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." <u>Twombly</u>, 127 S. Ct. at 1964-65 (internal punctuation omitted).

VI.  NONE OF PLAINTIFF'S FACTUAL ALLEGATIONS SET OUT A CAUSE OF ACTION AGAINST DEFENDANT PALISADES ACQUISITION XVI, LLC

Defendant Palisades is first referenced in Plaintiff's Complaint in Paragraph 5, which alleges that Palisades is a subsidiary of Asta Funding Inc. Although Plaintiff goes on to recite actions by W&A, Great Seneca, Mr. Levitsky and Fox Rothschild, there are no allegations of any

act or failure to act on the part of Palisades in the complaint.[3]   Instead, Plaintiff's second claim for relief merely references paragraph 12 (which doesn't even mention Palisades) and paragraph 13, and then alleges that "all defendants" violated the FDCPA.

The absence of any facts connecting any action of Palisades to the claimed violations of the FDCPA is fatal, as mere labels and conclusions will not survive a motion to dismiss. Twombly, 127 S.Ct. at 1964-1965. As to Defendant Palisades, Plaintiff's pleading fails to set forth any cause of action and is subject to dismissal under Rule 12(b)(6).

VII.  PLAINTIFF'S FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS EXCEPT PALISADES FAILS TO ALLEGE ANY FACTS ENTITLING HIM TO RELIEF

Plaintiff's First Claim for Relief against all Defendants, save Palisades, contained in paragraph 15 of his Complaint, references paragraph 10 of the Complaint and alleges violations of three separate provisions of the FDCPA related to making false of misleading statements or using unfair or unconscionable methods in an attempt to collect a debt. However, paragraph 10 contains *no allegations of any action or failure to act on the part of any Defendant.* Rather, it merely states: "On June 28, 2006 the Court of Common Pleas entered a summary judgment against me and afterward I appealed to the Delaware Superior Court in New Castle County and the case was 'REMANDED for further proceedings' by the Superior Court on 06/07/2007." (Compl. ¶ 10.)

There are no allegations in Paragraph 10 that any Defendant made any false representation, or for that matter any representation at all in an attempt to collect a debt [16 U.S.C. §1692e(2) & e(10)], or used any unfair or unconscionable means, including attempting to collect an amount not authorized by the agreement or permitted by law [16 U.S.C. §1692f(1)].

---

[3] In fact, Palisades is only mentioned two other times – in paragraph 8 it is alleged that W&A acted as debt collector and counsel for Palisades, and in paragraph 13, Plaintiff alleges that W&A sent a collection letter "with the title of 'PALISADES ACQUISITION XVI, LLC ASSIGNEE OF GREAT SENECA FINANCIAL.'"

The Supreme Court recently reiterated that on a motion to dismiss, Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it". Twombly, at 1965, fn. 3, *citing* 5 Wright & Miller § 1202, at 94, 95. Plaintiff's First Claim for Relief is such a bare averment, with no facts in support thereof, and that Claim should be dismissed with prejudice.

VII.  PLAINTIFF'S COMPLAINT FAILS TO SET FORTH ANY VIOLATIONS OF THE FDCPA BY DEFENDANTS IN THEIR EFFORTS TO HAVE THE JUDGMENT ORDER MODIFIED OR TO COLLECT ON THE JUDGMENT

"In reviewing a motion to dismiss, [this Court must] accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Tp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). In addition, because Plaintiff is *pro se*, his complaint must be liberally construed. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). Nonetheless, even given these liberalized pleading standards, an examination of the Complaint and the records from the State court reveal that Plaintiff has not, and cannot, state facts sufficient to state a claim against these Defendants.

Rather, what the Complaint (and the records from the State court action) show are the following facts: Great Seneca was granted summary judgment on its complaint, and Plaintiff appealed. (Compl. ¶10; Exh. B; Exh. E, at 3, 11/17/2006.) On appeal, the Delaware Superior Court held that Hsu was the debtor on the account (Exh. D, ¶5) and that Great Seneca was entitled to summary judgment as set forth in its complaint. (Exh. D, ¶16; Exh. B, at 1 & 9.) That the collection complaint sought recovery of the principal balance of $11,616, interest at the rate of 24 percent, costs, and attorney's fees of 20 percent. (Exh. A.) That in January and April 2008, Great Seneca, by and through its counsel sought to have the 2006 Order of Judgment

amended to include an exact dollar amount that would reflect the Court's previous orders. (Compl. ¶11.) That Plaintiff told some of the Defendants that the case had been remanded (although a review of the record shows that it was only as to the determination of an FDCPA violation, not on the issue of the validity or amount of the debt) (Exh. D, ¶ 16) and that he disputed Defendants' attempts to collect 24 percent interest, as well as fees and costs. (Compl. ¶12.) Finally, that Defendant W&A sent a letter attempting to collect on the Judgment. (Compl. ¶¶13-14.)  Taken as a whole, Plaintiff's theory appears to be that (1) after remand, there was no valid judgment; (2) that 24 percent interest is not legal in Delaware;  (3) that attorney's fees and costs were not recoverable in the underlying collection action; and (4) that consequently the Defendants' (unidentified) representations were false or misleading, or Defendants' (unidentified) collection means were unfair or unconscionable, and therefore in violation of the FDCPA provisions cited.  However, none of these theories is sustainable under the law or facts in this action.

A.    There Was A Valid Judgment Rendered by the Court of Common Pleas and Affirmed by the Delaware Superior Court.

On May 17, 2006, the Court of Common Pleas entered Summary Judgment in favor of Great Seneca. (Exh. B.)  Although the Judgment, as entered at that time, failed to set forth a specific dollar amount, it did reference the Complaint, which in turn had sought principal in the amount of $11,616, interest at 24 percent,  plus costs and attorney's fees. (Exh. B, at 1 & 9; Exh. A.)  On June 6, 2007, on appeal, the Superior Court specifically found that Plaintiff was the debtor and that summary judgment on Great Seneca's claims was properly granted. (Exh. D, ¶¶ 1, 5, 16.)  The matter was only remanded on the issue of whether Hsu had timely mailed a letter that would have required the collection efforts to have temporarily ceased under 16 U.S.C. §

7

1692g(b).  (Exh. D, ¶16.)  "All other legal and factual findings of the CCP are hereby AFFIRMED."  (Exh. D, ¶16.)

Consequently, at the times complained of (e.g. between January and May of 2008), there was a valid judgment against Plaintiff on the debt, and statements to that effect can neither be false or misleading, nor an unfair or unconscionable attempt to collect a debt.  (*See* Compl. ¶¶ 11, 13 & 14.)

B.    Delaware Law Permits the Recovery of 24 Percent Interest

Delaware Law does not cap the periodic interest rates that may be charged under a revolving credit plan, but rather leaves the rate to be established by the credit agreement. 5 Del. C. §§ 943 and 945.  Plaintiff has not, and cannot allege that his credit card agreement with Chase, the original creditor, did not provide for interest at 24% per annum.  As a result, he cannot allege that attempts to have the Judgment Order modified to reflect the interest, nor the May 2008 letter attempting to collect the principal balance, plus interest, were false, misleading, unfair or unconscionable.  (*See* Compl. ¶¶ 11, 13 & 14.)

C.    Delaware Law Permits Recovery of a Reasonable Attorney's Fee and Court Costs

Under Delaware law, in the event that a borrower defaults on a revolving credit account, reasonable attorney's fees and actual costs may be recovered, if the credit agreement so provides. 5 Del.C. § 951. Similarly, the FDCPA, 15 U.S.C. § 1692f(1) allows the collection of interest, fees, and expenses incidental to the principal obligation, if "such amount is expressly authorized by the agreement creating the debt or permitted by law."  An attorney's fee based on 20 percent of the alleged debt is reasonable and authorized under Delaware Law. 10 Del.C. § 3912 (authorizing the recovery of reasonable counsel fees not to "exceed 20 percent of the amount adjudged for principal and interest"); *see also* Sierra v. Foster & Garbus, 48 F.Supp.2d 393, 396

(S.D.N.Y. 1999) (holding that attempting to collect a 20 percent fee did not violate 15 U.S.C. § 1692f(1).)

Here, Plaintiff has not, and cannot, claim that the credit agreement did not provide for these costs and fees. Therefore, Defendants' representations that they were entitled to these costs were not false or misleading under 15 U.S.C. § 1692e(2) & (10), nor unfair or unconscionable under 15 U.S.C. § 1692f(1). *See* Sierra, at 396. Defendants' motion to dismiss should be granted.[4]

## VIII. PLAINTIFF'S CLAIMS FOR PUNITIVE AND EMOTIONAL DISTRESS DAMAGES SHOULD BE DISMISSED.

First, damages under the FDCPA do not include punitive damages. Rather damages in an action brought by an individual are limited to:

"(1) any actual damage sustained by such person. . .;

(2)(A) such additional damages as the court may allow, but not exceeding $1,000."

15 U.S.C. § 1692k(a); *see also*, Randolph v. IMBS, Inc., 368 F.3d 726, 728 (7th Cir. 2004).

Second, Plaintiff has not alleged any facts supporting his claim for emotional distress damages. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds on which the claim rests.'" Twombly, at 1965, fn. 3.

---

[4] The fact that the Amended Order of Judgment just issued by the Court of Common Pleas did not award interest in the amount requested, or attorney's fees, is of no consequence. First, as the docket entry for June 27, 2008 indicates: "Plaintiff's (Great Seneca's) attorney waived attorney [sic] fees and agrees to change from contract rate to legal rate of interest." (Exh. E, at 4, 6/27/2008.) If anything, this merely reinforces that Great Seneca was entitled to the higher interest and attorney's fees, but waived that right. Second, as the Supreme Court has noted, just because a lawsuit turns out ultimately to be unsuccessful (or here – does not recover all amounts originally sought), does not make the bringing of it "an action that could not be legally taken" under the FDCPA. Heintz v. Jenkins, 514 U.S. 291, 295-296 (1995).

IX.    CONCLUSION

For the reasons stated herein, Plaintiff has failed to set forth any cause of action under the

Fair Debt Collection Practices Act.  Defendants respectfully request that this Court grant the

Motion to Dismiss Plaintiff's Complaint with prejudice.

WOLPOFF & ABRAMSON, L.L.P.

BY:

Neal J. Levitsky, Esquire (No. 2092)
Seth A. Niederman, Esquire (No. 4588)
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Ste. 1300
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 654-7444

Attorney for Defendants

1713

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

GREAT SENECA FINANCIAL CORP.,
A MARYLAND CORPORATION,
ASSIGNEE OF MADISON STREET
INVESTMENTS,
ASSIGNEE OF CHASE MANHATTAN BANK
P O BOX 1651
ROCKVILLE, MD 20849-1651
        PLAINTIFF

VS                                          CIVIL ACTION NO.

LIFENG LEE HSU                              NONARBITRATION

'08 CARDINAL CIR
HOCKESSIN DE  19707-2044

2005 - 03 - 49 2

DEFENDANT(s)

COMPLAINT

    1    Plaintiff, sues Defendant(s) for the sum of $ 11616.00  representing the

balance due and owing for goods sold and delivered and/or services rendered and/or

a revolving account stated between Plaintiff and Defendant(s)

    WHEREFORE, Plaintiff demands judgment against Defendant(s) for the sum of

$ 11616.00  with interest at 24.00% per annum from 02/18/05 until paid plus

court costs PLUS ATTORNEY FEE'S OF 20%

                                    WOLPOFF & ABRAMSON, L.L.P

                        BY:
                            NEAL J. LEVITSKY, ESQ. (No. 2082)
                            Fox Rothschild LLP
                            Citizens Bank Center
                            919 N. Market Street, Suite 1300
                            P.O. Box 2323
                            Wilmington, Delaware 19899-2323
                            (302) 656-2555
                            Outside Wilmington Area:
                            1-800-678-0309
                            Attorney for Plaintiff

NEAL J. LEVITSKY, ESQUIRE
WOLPOFF & ABRAMSON, LLP
ATTORNEY IN THE PRACTICE
OF DEBT COLLECTION
919 NORTH MARKET STREET
SUITE 1300
P.O. BOX 2323
WILMINGTON, DE 19899-2323
302-656-2555
OUTSIDE WILMINGTON AREA
1-800-678-0309

RECEIVED
URT OF COMMON PLEA

JUN 2 9 2005



EXHIBIT
A



IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

Great Seneca Financial Corp.,                )
A Maryland Corporation                       )
Assignee of Madison Street Investments,      )
Assignee of Chase Manhattan Bank             )
                                             )
            Plaintiff,                       )      C.A. No. 2005-06-493
                                             )
            vs.                              )
                                             )
Lifeng Lee Hsu                               )
                                             )
            Defendant.                       )

Submitted: March 2, 2006
Decided: May 17, 2006

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This Order addresses a debt owed to plaintiff Great Seneca Financial Corporation ("plaintiff"), assignee of Chase Manhattan Bank. Plaintiff seeks damages in the amount of $11,616.00 from Lifeng Lee Hsu ("defendant"). Plaintiff alleges that Chase Manhattan Bank issued a "Chase Freedom Gold Mastercard" credit card to defendant, and that defendant eventually ceased making payments towards the balance. Attached to plaintiff's Motion for Summary Judgment (the "Motion") as Exhibit A are photocopies of nine monthly credit card statements bearing defendant's name and home address, and span from July 10, 2002 to March 11, 2003. The statements dated July 10, 2002 and August 9, 2002 reflect that payments were made on the account. The remaining statements after August 9, 2002 reflect that no further payments have since been made.



**EXHIBIT**

B

Defendant opposes plaintiff's Motion, maintaining no contractual obligation to plaintiff exists because he is only an authorized user on the account; that counsel for plaintiff along with his law firm have engaged in the unauthorized practice of law; and that pursuant to 15 U.S.C. §1692(g)(b) of the Fair Debt Collection Practices Act ("FDCPA"), he is shielded from any attempts at litigation by plaintiff's counsel or his law firm. Although the Court previously dismissed defendant's Counterclaim regarding FDCPA, the Court requested memoranda from both parties regarding its applicability and relevance.

### PROCEDURAL POSTURE

On or about June 29, 2005 plaintiff filed its Complaint with this Court, and on August 3, 2005 defendant was served personally at the same address listed on the above-mentioned monthly credit card statements.  Defendant filed his Answer on or about August 17, 2005 denying the debt and filed a Counterclaim alleging that plaintiff violated the FDCPA by allegedly continuing collection attempts before providing defendant with written verification of the debt.  The first communication defendant claims receiving from plaintiff was a letter dated February 23, 2005 from Paul T. Oliver, Jr. Esq. of the law offices of Wolpoff & Abramson, LLP.  The letter indicates that Mr. Oliver is admitted to practice law in the State of Michigan.  Specifically, the letter provides, "I urge you to take advantage of your right to dispute this debt as described in the important notice on the reverse side of this letter."  No copy of the reverse side of this letter appears in the record.  Defendant alleges that he mailed a reply to plaintiffs on March 21, 2005 stating,

> "I could not find in my record any transaction with Chase Manhattan in
> the past 18 months.  However, I found in my credit report that I am only an

2

authorized user of the above account number, so I do not have any contractual obligation to this account.

I am sorry that I will not call your company because I would prefer written communication."

Defendant further claims that after receiving no response, he mailed a second letter on June 7, 2005 in which he requests a copy of,

"1. Loan agreement that bears my signature. 2. The history and the nature of this loan. 3. The document that shows that I am the owner of the above mentioned account. I am sorry that I will not call your office because I would prefer written communication."

Plaintiff filed its response to defendant's Counterclaim, and denied that any of its actions amounted to "collection activity" since plaintiff is not a collector, but in fact owns the debt and is a creditor, and thus the FDCPA does not apply in this instance. Plaintiff further stated that even if the FDCPA applied, "Defendant has not alleged Plaintiff wrote to or spoke with Defendant in an effort to recover the outstanding balance." On September 30, 2005 this Court dismissed defendant's Counterclaim regarding the FDCPA without prejudice. On or about December 30, 2005 plaintiff filed a Motion for Summary Judgment, and on or about January 18, 2006 defendant filed an Opposition to plaintiff's Motion along with a Cross-Motion for Summary Judgment. Defendant attached to his Opposition and Cross-Motion as Exhibit A-1 a copy of his TransUnion credit report. The credit report lists the Chase Manhattan account and in the field marked "Responsibility" it states, "Authorized Account." Defendant argues that this verifies his claim that he is an authorized user and not the primary cardholder on the account, and thus bears no contractual relationship to plaintiff. On or about February 1, 2006 plaintiff filed its Reply and Opposition to Defendant's Cross-Motion and argued,

"The notation on Defendant's credit report reflects that this account was ... opened under Defendant's name as the primary accountholder according to

Defendant's authorization and request. The credit bureaus only report accounts for the responsible accountholders such as Defendant on this account. *Defendant mistakenly claims that the language "authorized account" is equivalent to an authorized user notation. This is simply incorrect and Defendant, again, is attempting to attempt to avoid his repayment obligations. Notably, Defendant does not submit any documentation in connection with his credit account substantiating his claims but instead relies upon his misinterpretation of the third party credit reporting bureau's documentation."* (Emphasis added).

On February 3, 2006 the Court's docket provides:

"PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, CROSS MOTION AND OPPOSITION TO PLAINTIFF'S MOTION PRESENTED BEFORE JUDGE JOSEPH FLICKINGER. AFTER HEARING FROM BOTH PARTIES, THE BOTH MOTIONS FOR SUMMARY JUDGMENT WERE DENIED *WITH THE EXCEPTION OF ISSUE OF US CODE.* MEMOS DUE 2/17/06 BY PLAINTIFF AND ON 3/3/06 BY DEFENDANT; FILE WILL THEN BE SENT TO JUDGE FLICKINGER FOR REVIEW AND POSSIBLE SCHEDULING. *PLAINTIFF IS TO SUPPLY VERIFICATION OF POLICY TO DEFENDANT AND DEFENDANT IS TO SUPPLY A VERIFIED AUTHORIZED USER AFFIDAVIT.*" (Emphasis added).

As mentioned at the outset, per the Court's instruction, on February 17, 2006 plaintiff filed a Memorandum of Law requesting this Court to deny defendant's Motion for Summary Judgment. Plaintiff argues that defendant is misapplying the FDCPA, and even if the federal statute applied, plaintiff is nonetheless in full compliance with the FDCPA. Moreover, defendant has not presented "any exhibits that evidence a verification request that would fall within the purview of Sec. 1692g." Plaintiff further denies ever receiving from defendant a written request for verification of the debt within thirty days of plaintiff's first letter dated February 23, 2005. In essence, since plaintiff denies ever receiving any correspondence from defendant, assuming that the FDCPA applies, it is plaintiff's contention that "...Defendant's debt was 'assumed to be valid.'" Regardless, plaintiff claims it has provided defendant with copies of the account statement previously, "including throughout discovery" even though under relevant case law, it is under no obligation to do so.

4

Plaintiff's Motion provides,

"Where verification is requested, verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is that the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt. Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999), *citing* Azar v. Hayter, 874 F.Supp. 1314 (N.D. Fla.) *aff'd,* 66 F.3d 342 (11th Cir. 1995), *cert. Denied,* 516 U.S. 1048, 116 S.Ct. 712, 113 L.Ed.2d 666 (1996). Consistent with the legislative history, verification is only intended to 'eliminate the ... problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." Id., *citing* S.Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699. Where verification is requested within thirty (30) days received prescribed by the FDCPA, once the debt collector provides verification, the debt collector may proceed with collection including instituting a lawsuit. Heintz v. Jenkins, 514 U.S. 291 (1995)."

Plaintiff concludes by noting, "...Plaintiff's counsel are not parties to this matter and this matter was commenced properly under state and federal law."

In response, defendant alleges that plaintiff is not in full compliance with the FDCPA because first, attorney Paul T. Oliver, Jr. is "likely retired"; second, that attorney Oliver did not engage in a meaningful review of his case despite his signature appearing on the February 23, 2005 letter to defendant indicating the contrary; and third, attorney Ronald S. Canter, Esq. affirmed that attorney Oliver reviewed defendant's file, and therefore he, too, is not in compliance with the FDCPA. Defendant next argues that his letters to plaintiff constitute a written request falling within the confines of the FDCPA's specifications for a written verification of the debt. Finally, defendant alleges that the FDCPA applies once a consumer debt is placed in the hands of a debt collector, regardless of whether valid debt actually exists, and in support of this, cites a United States Supreme Court case of *Heitz v. Jenkins*, 514 U.S. 291 (1995) as well as the plain language of 15 U.S.C. § 1692(g)(b).

Defendant first attaches to his Memorandum an "Affidavit of Statements" signed by defendant and a notary stating "I am an authorized user of the disputed credit card

account by Chase." Attachment "B-1" is a copy of the February 23, 2005 letter from Wolpoff & Abramson, LLP signed by attorney Paul T. Oliver, Jr. Attachment "B-2" is a printout from what appears to be an online genealogy and lineage website, and defendant's handwritten highlights on the printout note that a person by the name of Paul T. Oliver was born in 1929 and "was an attorney at law in the USA, and succeeded as the 8th Marquis Testaferrata-Oliver." Attachment, "B-3" is a printout from the online Martindale-Hubbel Law Directory showing that an attorney named Paul T. Oliver, Jr. was admitted to the Bar of the State of Michigan in 1950. Attachment "B-4" is a printout from the State of Michigan's website titled, "Corporate Entity Details," and lists the entity name "Paul T. Oliver, Jr., P.C." whose status is listed as "Automatic Dissolution, Date: 7-15-2002." Attachment "B-5" is print out of an online credit report from a showing inquiries made by Wolpoff & Abramson on February 18, 2005 and another on March 26, 2005. Attachment "B6-a" is a copy of attorney Canter's Affidavit signed and notarized on February 16, 2006 in which Canter states that attorney Oliver did, in fact, review defendant's file. Attachment "B-7" is a copy of defendant's letter addressed to plaintiff dated February 23, 2005. Attachment "B-8" is a printout of an online web page titled, "Large Rockville Companies by Employee Count." Attachment "B-9" is a copy of defendant's second letter addressed to plaintiff dated June 7, 2005.

## MOTION FOR SUMMARY JUDGMENT STANDARD OF REVIEW

A motion for summary judgment is granted where there "is no genuine issue as to any material fact." *Van Dyke v. Pennsylvania R.R.*, 86 A.2d 346, 349 (Del.Supr.1952); *Behringer v. William Gretz Brewing Co.*, 169 A.2d 249, 251 (Del.Supr.1961); *Matas v.*

*Green,* 171 A.2d 916, 918 (Del.Supr.1961). It must be denied when evidence indicates

that "there is reasonable indication that a material fact is in dispute or if it seems desirable

to inquire more thoroughly into the facts in order to clarify the application of the law."

*Ebersole v. Lowengrub,* 180 A.2d 467, 468-469 (Del.Supr.1962) *rev'd in part and aff'd in*

*part,* 208 A.2d 495 (1965); *Myers v. Nicholson,* 192 A.2d 448, 451 (Del.Supr.1963); *Guy*

*v. Judicial Nominating Comm'n,* 659 A.2d 777 (Del.Super.1995); *Smith v. Berwin Bldrs.,*

*Inc.,* 287 A.2d 693 (Del.Super.1972). Further, the court is required to view the facts in a

light most favorable to the non-moving party. *Matas,* 171 A.2d at 918; *James v. Getty*

*Oil Co. (E.Operations), Inc.,* 472 A.2d 33, 38 (Del.Super.1983); *Borish v. Graham,* 655

A.2d 831, 833 (Del.Super.1994); *Shultz v. Delaware Trust Co.,* 360 A.2d 576, 578

(Del.Super.1976); *Pullman, Inc. v. Phoenix Steel Corp.,* 304 A.2d 334, 335

(Del.Super.1973).

### ANALYSIS

Assuming that the FDCPA applied to plaintiff, the Court is not persuaded that

plaintiff has violated any of its provisions. The FDCPA allows a defendant to submit a

written request to a debt collector requesting verification of the debt within thirty days of

initially contacting a defendant regarding the debt, during which time collection efforts

are put on hold. Plaintiff denies receiving such a request from defendant. Despite the

fact that defendant's attachment B-7 is a copy of the March 21, 2005 letter addressed to

plaintiff, the record contains nothing further by way of documents, testimony, or other

evidence to sufficiently establish that defendant *indeed* mailed the letter to plaintiff, or

that it was postmarked and/or *received* by plaintiff within the thirty day time period under

the FDCPA. Regardless, nowhere in the letter does defendant request verification of the

debt. In the body of the letter, defendant does nothing more than deny transacting with Chase Manhattan "during the past 18 months" and claims he is an authorized user on the account. The second letter defendant allegedly mailed to plaintiff on June 7, 2005 arguably could suffice as a request for verification, when viewing the facts in the light most favorable to defendant. However, under the FDCPA, this fell outside of the thirty day time period, which expired on or about March 23, 2005.

Defendant claims that his March 21, 2005 letter must have been received because Wolpoff & Abramson checked his credit report on March 26, 2005. To bolster his argument defendant proffers, as attachment "B-5" of his Memorandum, a one-page print out from a website showing that Wolpoff & Abramson made two inquiries, one on February 18, 2005 and another on March 26, 2005. However, nowhere on this printout does defendant's name, address, or any other identifying information appear. Even if the Court assumed it is a true and correct copy of a page from defendant's credit report, it does nothing by way of exculpation since defendant's March 21, 2005 letter *did not request verification of the debt* from plaintiff.

Defendant argues that the plaintiff's attorneys acted in bad-faith and violated the FDCPA for two reasons: first, defendant alleges that attorney Oliver did not conduct a meaningful review of his file; and second, defendant alleges that attorney Canter's Affidavit in which he states that attorney Oliver did, in fact, review defendant's file, is untrue. Defendant argues, "...according to my research, it is quite impossible that attorney Paul T. Oliver had personally done so as required by the FDCPA." In support of his allegations, defendant speciously encloses printout copies from the internet which he professes to be a showing that attorney Oliver is "likely retired" from the practice of

8

law and was not involved in reviewing the file due to his age. Defendant's attachment "B-2" from the genealogy website is apocryphal at best. It is obvious that defendant has examined all means available to uncover facts regarding attorney Oliver's life and legal career, but his findings, nonetheless, amount to conjecture that belies Mr. Oliver's status as retired. The automatic dissolution of a corporate entity bears no significance on whether or not an attorney is still engaged in the practice of law. The Court finds the allegations against attorneys Oliver, Canter, and plaintiff's counsel both nugatory and irrelevant, as nothing in the record reflects that they acted either in bad faith or in violation of the FDCPA.

Most notably, on February 3, 2005 the Court ordered defendant to provide an Affidavit verifying his status as an authorized user on the account at issue. Defendant's attached notarized "Affidavit of Statements" is insufficient for the Court to extrapolate upon, and does not amount to the requisite level of a showing that a *genuine* issue of material fact exists between the parties.

## CONCLUSION

For the reasons stated above, plaintiff's Motion for Summary Judgment is hereby GRANTED and defendant's Motion for Summary Judgment is hereby DENIED.

**IT IS SO ORDERED.**

Joseph F. Flickinger III
Judge

9

(20)

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

Great Seneca Financial Corp.,           )
A Maryland Corporation,                 )
Assignee of Madison Street Investments, )
Assignee of Chase Manhattan Bank        )
                                        )
            Plaintiff,                   )       C.A. No. 2005-06-493
                                        )
v.                                      )
                                        )
Lifeng Lee Hsu,                         )
                                        )
            Defendant.                   )

Submitted: June 9, 2006
Decided: June 28, 2006

Neal J. Levitsky, Esquire              Lifeng Lee Hsu
Fox Rothschild LLP                     108 Cardinal Cir.
Citizens Bank Center                   Hockessin, DE 19707-2044
919 N. Market Street, Ste. 1300        P.O. Box 778
P.O. Box 2323                            *Pro se* Defendant
Wilmington, DE 19899-2323
  Attorney for Plaintiff

## ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT

The Court has received and reviewed *pro se* defendant Lifeng Lee Hsu's ("defendant") Motion to Amend Judgment from the Court's May 17, 2006 Order. The points raised by defendant were considered. Defendant argues the Order was premature since this Court previously denied plaintiff Great Seneca Financial Corporation's ("plaintiff") Motion for Summary Judgment and defendant's Cross-Motion for Summary Judgment with the exception of the applicability of the Fair Debt Collection Practices Act



EXHIBIT

C

("FDCPA"). Defendant's March 2, 2006 Memorandum to this Court provides, "WHEREFORE, Defendant respectfully requests its Cross-Motion for Summary Judgment be granted." Plaintiff's Memorandum did not ask for entry of Summary Judgment but requested this Court to deny defendant's request. In order for the Court to conduct a meaningful review of defendant's Cross-Motion for Summary Judgment, as he requested, and which the Court entertained even though defendant's Cross-Motion, too, was previously denied, both Motions for Summary Judgment were equally considered after the parties supplemented the record with their Memoranda and defendant's authorized user affidavit.

With the understanding that plaintiff's Motion for Summary Judgment was denied, defendant claims he only addressed the FDCPA issue in his Memorandum. As a result, defendant asserts he was not provided the opportunity to present two additional pieces of evidence. The Court notes defendant has filed numerous pleadings in this matter, and in light of his status as *pro se*, the Court now further substantively considers defendant's instant Motion to Amend Judgment. First, defendant alleges an inconsistency between plaintiff's affidavits, which identify the defendant as the owner of a "Chase Freedom Gold MasterCard," and defendant's affidavit, which identifies defendant's account as a "Shell MasterCard from Chase." Second, defendant offers to the Court a treatise and case law on the FDCPA.

### ANALYSIS

Court of Common Pleas Civil Rule 59(d) allows a party to present a Motion to Amend Judgment after judgment has been entered. The rule is generally used to amend damages that do not conform to the relief sought. See *Frampton v. Allstate Ins. Co.*,

2

2005 WL 1953063 (Del.Super.) (lowering damages to conform with maximum coverage under the insurance policy). See also *In re Kapsalis v. State Farm Mutual Ins. Co.*, 1997 WL 529590 (Del.Super.) (denying motion to add interest to damages awarded). Because defendant does not seek to amend damages, but rather to be heard on two additional points, a Motion to Amend Judgment pursuant to Rule 59(d) is inappropriate at this time.

Although the caption of defendant's Motion is flawed, this Court adheres to a policy of judicial lenience toward *pro se* defendants and will therefore examine defendant's Motion on other grounds under the Court of Common Pleas Civil Rules. *Wright v. Wilmington Trust Co.*, 1993 WL 1626508 (Del.Super.). One option is to treat the defendant's Motion as a Motion for Reargument. Rule 59(e) permits a Motion for Reargument that briefly describes the grounds for reargument if submitted within five days after the filing of the Court's opinion or decision. Although defendant's Motion may substantively meet those criteria, his Motion was filed June 9, 2006, well after the Court's May 17, 2006 hearing. Rule 6(b) specifically prohibits this Court from enlarging this 5-day period of time within which a Motion for Reargument must be served and filed. Therefore, time restrictions expressly prohibit this Court from treating defendant's Motion as a Motion for Reargument.

Alternatively, defendant's Motion may be considered as a Motion for Relief from Judgment or Order, pursuant to Rule 60(b). Rule 60(b) allows a party to seek relief from a judgment or order in the case of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or upon any other reason justifying relief. When considering defendant's newly presented evidence, however, defendant's arguments provide insufficient grounds for relief. First, defendant argues that his credit card bill with the

3

heading "Shell MasterCard from Chase" is substantively different from the previous bills plaintiff supplied via affidavit with the heading "Chase Freedom Gold Card," and therefore plaintiff's affidavits are somehow unreliable. This Court finds no basis for such an argument, particularly in light of the fact that defendant's name, address, account number and balance are identical on both documents. Furthermore, neither document indicates a person, other than defendant, had access to the account. As such, the Shell MasterCard bill is insufficient evidence that defendant was not contractually obligated to plaintiff. Rather, defendant's evidence only corroborates plaintiff's assertion that defendant was solely responsible for the debt.

Furthermore, defendant argues that the treatise and case law he recently discovered justify relief from summary judgment. The treatise defendant has attached merely defines a party who purchases a debt after the debt has become delinquent as a "debt collector" under the FDCPA. Defendant fails to understand that 15 U.S.C. § 1692 (i)(b), though awkwardly worded, does not prohibit all legal recourse by debt collectors - it merely restricts such suits to the judicial district in which the real property exists. See *Addison v. Braud*, 105 F.3d 223 (5th Cir.1997). See also *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Schulman*, 1990 WL 116735 (S.D.N.Y.). Therefore, regardless of whether plaintiff is a debt collector, 15 U.S.C. § 1692 (i)(b) does not bar suit against the defendant. As a result, defendant's additional treatise and case law fail to provide a sufficient basis for relief from judgment.

## CONCLUSION

No matter which theory of relief the motion best fits under, defendant's evidence is insufficient to grant relief. This Court has conducted and exhaustive and thorough

4

review of the complete record, including defendant's new evidence, interpretation of the Court docket, and recollection of the Court's instructions at Motion hearings. It is to be noted that defendant's interpretation and recollection are both inaccurate. The Court, in reviewing the record before issuing this Order, fairly and diligently considered all evidence presented by both parties, thus providing defendant with "two bites of the apple." As mentioned previously, such is especially the Court's practice when reviewing arguments and pleadings made by a *pro se* party.

## ORDER

For the reasons stated herein, defendant's Motion to Amend/be Relieved from Judgment is DENIED.

IT IS SO ORDERED.

Joseph F. Flickinger III
Judge

5

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

LIFENG L. HSU,     )
            )
  Defendant/Appellant, )
            )
  v.          )  C.A. No. 06A-07-005 MMJ
            )
GREAT SENECA FINANCIAL )
CORPORATION, a Maryland  )
corporation, assignee of Madison )
Street Investments, Assignee of  )
Chase Manhattan Bank,   )
            )
  Plaintiff/Appellee.   )

Submitted: March 5, 2007
Decided:  June 7, 2007

## ORDER

### UPON APPEAL FROM A DECISION OF THE COURT OF COMMON PLEAS
### AFFIRMED IN PART AND REVERSED IN PART

Upon review of Lifeng L. Hsu ("Appellant")'s appeal from decisions of the

Court of Common Pleas ("CCP") and the record, it appears to the Court that:

1.  Great Seneca Financial Corporation ("Great Seneca") filed suit claiming

that Appellant owes Great Seneca $11,616.00 in damages. Appellant filed an answer

and counterclaim. Great Seneca moved to dismiss the counterclaim and the CCP

granted the motion. A hearing was held on February 3, 2006 ("Hearing") regarding



the parties' cross-motions for summary judgment. On May 17, 2006, the CCP entered

an order ("Order I"), granting Great Seneca's motion for summary judgment on the

original claim and denying Appellant's motion for summary judgment. Appellant

filed a motion to amend judgment, which was denied by the CCP ("Order II") on June

28, 2006. Appellant filed an appeal from both decisions.

2.      Appellant, appearing *pro se*, raises the following  issues in his appeal:

(a) whether he raised genuine issues of material fact in the CCP; (b) whether Great

Seneca had authority to sue; and (c) whether Wolpoff & Abramson, L.L.P. ("W&A")

and Neal J. Levitsky, Esquire engaged in the unauthorized practice of law.

3.      On an appeal from the Court of Common Pleas to the Superior Court, the

standard of review "in addition to correcting errors of law, is 'whether the factual

findings made by the trial judge are sufficiently supported by the record and are the

product of an orderly and logically deductive process.'"[1] Findings of the trial Court

that are supported by the record should be accepted even if the reviewing court,

---

[1] *Mellon Bank v. Dougherty*, Del.Super., C.A. No. 88A-DE-3-A, Steele, J. (Aug. 24, 1989) (*citing Smart v. Bank of Delaware*, Del.Supr., C.A. No. 82A-DE-5, Christie, J. (Dec. 5, 1984)).

2

acting independently, would have reached a contrary conclusion.[2] This is the same standard of review for appeals from the Superior Court to the Supreme Court.[3]

    4.    During the February 3, 2006 hearing, the CCP stated:

> It seems clear to me at, at the very least, you've raised a genuine issue of material fact, and based on that, I'm going to deny Plaintiff's Motion for Summary Judgment. By the same token, this same issue exists as to you, I'm going to deny your Motion for Summary Judgment.

The CCP reserved decision on the issue of whether Great Seneca failed to comply with the Fair Debt Collection Practices Act ("FDCPA").

    5.    After having considered the post-hearing submissions of the parties, the CCP ruled on the issue of whether Appellant was an account holder or simply an authorized user.[4] The Court agrees with the CCP's finding that there is no genuine issue of material fact that Appellant is the debtor on the account. The credit report contained the following annotation: "Responsibility: Authorized Account." However, monthly statements were sent to Appellant at his home address and

---

    [2]*See Besk Oil, Inc. v. Brown & Bigelow, Inc.*, Del.Super., C.A. No. 88A-JA-3-1, Stiftel, P.J. (Dec. 16, 1988) at 3; *see also H&H Poultry Co., Inc. v. Whaley*, 408 A.2d 289, 291 (Del. 1979).

    [3]*Moss v. Prudential-Bache Securities*, 581 A.2d 1138, 1140 (Del. 1990) (*citing Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972)).

    [4]Authorized users are not debtors.

3

payments were made.  Although the account appears to have two different titles,[5]

Appellant's name, address, account number and balance are identical.

6.    Appellant asserts that Great Seneca is a debt collector because the debt

was already in default on January 19, 2005 when Great Seneca purchased the debt.

Appellant argues that a debt collector has no authority to sue.

7.    The CCP concluded and this Court concurs:

The treatise defendant has attached merely defines a party who
purchases a debt after the debt has become delinquent as a "debt
collector" under the FDCPA.  Defendant fails to understand that 15
U.S.C. § 1692i(b), though awkwardly worded, does not prohibit all legal
recourse by debt-collectors – it merely restricts such suits to the judicial
district in which the real property exists.  Therefore, regardless of
whether Great Seneca is a debt collector, 15 U.S.C. § 1692i(b) does not
bar suit against the Appellant.

8.    15 U.S.C. § 1692(a) states in relevant part:

(6) The term "debt collector" means any person who ... regularly
collects or attempts to collect, directly or indirectly, debts owed or due
or asserted to be owed or due another .... The term does not include -

(F) any person collecting or attempting to collect any debt owed
or due or asserted to be owed or due another to the extent such activity
... (iii) concerns a debt which was not in default at the time it was
obtained by such person.

9.    It is undisputed that Great Seneca attempted to collect a debt that it

asserted to be in default, and that default existed when Great Seneca acquired the

---

[5]"Chase Freedom Gold MasterCard" and "Shell MasterCard from Chase."

4

debt. Therefore, the exemption under the FDCPA for assignees of debts not in default at time of assignment does not apply to Great Seneca. Therefore, Great Seneca is a debt collector for purposes of the FDCPA.

10.    Appellant argues that Great Seneca violated the provisions of the FDCPA when it did not verify Appellant's debt upon request by Appellant. The FDCPA provides that debtor may submit a written request to a debt collector requesting verification of the debt. The request must be made within thirty days of the debt collector's initial contact with the debtor. Collection efforts are to be held in abeyance pending verification.

11.    In Order I, the CCP found:

Assuming that the FDCPA applied to plaintiff, the Court is not persuaded that plaintiff has violated any of its provisions. The FDCPA allows a defendant to submit a written request to a debt collector requesting verification of the debt within thirty days of initially contacting a defendant regarding the debt, during which time the collection efforts are put on hold. Plaintiff denies receiving such a request from defendant. Despite the fact that defendant's attachment B-7 is a copy of the March 21, 2005 letter addressed to plaintiff, the record contains nothing further by way of documents, testimony, or other evidence to sufficiently establish that defendant *indeed* mailed the letter to plaintiff, or that it was postmarked and/or *received* by plaintiff within the thirty day time period under the FDCPA. Regardless, nowhere in the letter does defendant request verification of the debt. In the body of the letter, defendant does nothing more than deny transacting with Chase Manhattan "during the past 18 months" and claims he is an authorized user on the account. The second letter defendant allegedly mailed to plaintiff on June 7, 2005 arguably could

5

suffice as a request for verification, when viewing the facts in the light most favorable to defendant. However, under the FDCPA, this fell outside of the thirty day time period, which expired on or about March 23, 2005.

12.    This Court disagrees. The letter, presented at the Hearing, stated: "I am writing this letter to dispute the validity of the above mentioned debt." This statement fulfills the statutory requirement of 15 U.S.C. § 1692 g(b), which provides in relevant part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

13.    Additionally, a genuine issue of fact remains whether Appellant's letter was timely sent so as to require that collection efforts temporarily cease.

14.    Appellant also claims that W&A and Levitsky were engaged in unauthorized practice of law. Neal J. Levitsky, Esquire, and Seth Neiderman, Esquire (both attorneys with W&A), are members of the Delaware Bar. Therefore, they cannot engage in the unauthorized practice of law in Delaware. In any event, the

6

unauthorized practice of law does not create a private right of action. Appellant has no standing to raise this issue.

15.    In Order II, denying Appellant's motion to amend, the CCP decided to consider Appellant's motion as a motion for reargument because it was filed beyond the 5 day limit, on June, 9, 2005. The Court docket, however, indicates that Appellant's motion was filed on May 26, 2006. Appellant argues in this appeal that according to CCP Rule 6, this was permissible time limit, even for a Motion for Reargument. But, he asserts, it is not a motion for reargument because all he was seeking was confirmation of the written order as to what had transpired at the hearing. Alternatively, Appellant seeks relief pursuant to Rule 60(b). Because of the Court's resolution of the other issues in this Appeal, Appellant's arguments concerning Order II are moot.

16.    This Court finds that the CCP's findings of fact are the product of an orderly and logically deduction process, with one exception. This Court concludes that a genuine issue of material fact has been raised as to whether Appellant's letter, dated March 21, 2005, was timely mailed so as to require that collection efforts temporarily cease. The Court further finds that the March 21, 2005 letter was sufficient notice that the debt was disputed pursuant to 15 U.S.C. § 1692g(b). All other legal and factual findings of the CCP are hereby **AFFIRMED**. The judgment

7

of the CCP is **AFFIRMED** in part and **REVERSED** in part and the case is

**REMANDED** for further proceedings.

**IT IS SO ORDERED**.

The Honorable Mary M. Johnston

```
                 COURT OF COMMON PLEAS - NEW CASTLE COUNTY
                        AS OF 07/08/2008                   PAGE     1

     05-06,-493
     FILED  June 29,2005              COURT OF COMMON PLEAS CASE  -  FILED
     JUDGE:
     STATUS:  SCAP  E-FILED:
```

LEVITSKY NEAL JONATHAN    GREAT SENECA FINANCIAL CORPORATION, A MARYLAND
                          CORPORATION, ASSIGNEE OF MADISON STREET
                          INVESTMENTS, ASSIGNEE OF CHASE MANHATTAN BANK
                                     -- VS --

PRO SE                    LIFENG LEE HSU

| 06/29/2005 | 1 | INITIAL COMPLAINT & PRAECIPE FILED |
|---|---|---|

06/30/2005        (         ) SUMMONS ISSUED FOR SERVICE BY
                  SPS DELACY      UPON LIFENG LEE HSU

08/04/2005    2   WRIT OF (         ) SUMMONS RETURNED SHOWING PERSONAL
                  SERVICE AS TO LIFENG LEE HSU ON 8/3/05 AT 108 CARDINAL
                  CIRCLE, HOCKESSIN, DE 19707

08/17/2005    3   PRO-SE DEFENDANT LIFENG LEE HSU, 108 CARDINAL CIRCLE
                  HOCKESSIN, DE 19707 FILED AN ANSWER AND COUNTERCLAIM

08/30/2005    4   MOTION TO DISMISS COUNTERCLAIM FILED; NOTICED FOR
                  9/30/05

09/09/2005    5   DEFENDANTS OPPOSITION TO MOTION TO DISMISS COUNTER
                  CLAIM FILED.

09/26/2005    6   MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OPPOSITION
                  TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTER-
                  CLAIM FILED BY LIFENG LEE HSU, DEFENDANT.

09/30/2005        MOTION TO DISMISS COUNTERCLAIM PRESENTED BEFORE
                  JUDGE JOHN K. WELCH; MOTION WAS GRANTED.

09/30/2005    4   UPON CONSIDERATION OF PLAINTIFF GREAT SENECA FINANCIAL
                  CORP'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM, AND
                  THERE APPEARING TO BE VAILD REASONS THEREFORE, IT IS
                  THIS 30TH DAY OF SEPTEMBER, 2005, ORDERED, THAT
                  DEFENDANT'S COUNTERCLAIM BE, AND HEREBY IS DISMISSED
                  WITHOUT* PREJUDICE.
                  S/ JOHN K. WELCH, JUDGE
                  (ORDER AMENDED ON 11/2/05 TO CONFORM WITH RULING)

10/07/2005    7   NOTICE OF SERVICE FILED FOR THE FOLLOWING:
                  REQUEST FOR PRODUCTION DIRECTED TO PLAINTIFF.

10/14/2005    8   NOTICE OF SERVICE FOR  INTERROGATORIES ON DEFENDANT
                  LIFENG LEE HSU FILED BY ATTORNEY FOR PLAINTIFF

11/01/2005        DEFENDANT'S RESPONSES TO INTERROGATORIES FILED.

11/01/2005    4   FILE AND 9/30/05 ORDER SENT TO JUDGE JOHN K. WELCH.
                  A REVIEW OF THE RECORD INDICATES THAT THE ORDER WAS

EXHIBIT

E

COURT OF COMMON PLEAS - NEW CASTLE COUNTY
AS OF 07/08/2008                    PAGE    2

05-06-493

                GRANTED WITHOUT PREJUDICE AND SHOULD BE AMENDED.

11/01/2005    9   DEFENDANT RESPONSE TO INTERROGATORIES FILED.

11/02/2005    4   AMENDED PER TRANSCRIPT OF HEARING TO REFLECT W/O PREJ.
                  SO ORDERED
                    S/JOHN K. WELCH, JUDGE

12/30/2005   10   NOTICE AND MOTION FOR SUMMARY JUDGMENT FILED BY
                  ATTORNEY FOR PLAINTIFF; NOTICED FOR 2/3/06

01/03/2006   11   NOTICE OF SERVICE FILED FOR THE FOLLOWING:
                  RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF
                  DOCUMENTS AND RESPONSES TO DEFENDANT'S INTERROGATORIES
                  FILED BY ATTORNEY FOR PLAINTIFF

01/18/2006   12   DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT AND
                  OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
                  FILED.

02/01/2006   13   PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
                  MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
                  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FILED.

02/03/2006        HEARING ON PLAINTIFFS MOTION FOR SUMMARY JUDGMENT,CROSS
                  MOTION AND OPPOSITION TO PLAINTIFF'S MOTION BEFORE
                  JUDGE JOSEPH FLICKINGER, III. AFTER HEARING FROM
                  BOTH PARTIES, BOTH MOTIONS FOR SUMMARY JUDGMENT WERE
                  DENIED WITH THE EXCEPTION OF THE ISSUE OF THE U S
                  CODE. MEMOS DUE 2/17/06 BY PLAINTIFF AND ON 3/3/06 BY
                  DEFENDANT; FILE WILL THEN BE SENT TO JUDGE FLICKINGER
                  FOR REVIEW AND POSSIBLE SCHEDULING.
                  PLAINTIFF IS TO SUPPLY VERIFICATION OF POLICY TO
                  DEFENDANT AND DEFENDANT IS TO SUPPLY A VERIFIED
                  AUTHORIZED USER AFFIDAVIT.

02/17/2006   14   PLAINTIFF'S MEMORANDUM OF LAW FILED.

03/02/2006   15   MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S
                  MEMORANDUM OF LAW FILED BY DEFENDANT

03/03/2006        FILE FORWARDED TO JUDGE FLICKINGER

05/17/2006   16   ...FOR THE REASONS STATED ABOVE, PLAINTIFF'S MOTION
                  FOR SUMMARY JUDGMENT IS HEREBY GRANTED AND DEFENDANT'S
                  MOTION FOR SUMMARY JUDGMENT IS HEREBY DENIED.
                    IT IS SO ORDERED
                        S/JOSEPH F. FLICKINGER III, JUDGE

05/26/2006   17   DEFENDANT FILED MOTION TO AMEND JUDGMENT FILED.
                  (REARGUMENT)

06/06/2006   18   PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
                  AMEND JUDGMENT FILED.

COURT OF COMMON PLEAS - NEW CASTLE COUNTY
AS OF 07/08/2008                    PAGE      3

05-06-493
06/07/2006          FILE FORWARDED TO OFFICE OF JUDGE JOSEPH FLICKINGER

06/09/2006     19   DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
                    DEFENDANT'S MOTION TO AMEND JUDGMENT FILED.

06/28/2006     20   ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT -
                    CONCLUSION - NO MATTER WHICH THEORY OF RELIEF THE
                    MOTION BEST FITS UNDER, DEFENDANT'S EVIDENCE IS INSUF-
                    FICIENT TO GRANT RELIEF. THIS COURT HAS CONDUCTED AN
                    EXHAUSTIVE AND THOROUGH REVIEW OF THE COMPLETE RECORD,
                    INCLUDING DEFENDANT'S NEW EVIDENCE, INTERPRETATION OF
                    THE COURT DOCKET, AND RECOLLECTION OF THE COURT'S
                    INSTRUCTIONS AT MOTION HEARINGS, IT IS TO BE NOTED THAT
                    DEFENDANT'S INTERPRETATION AND RECOLLECTION ARE BOTH
                    INACCURATE. THE COURT, IN REVIEWING THE RECORD BEFORE
                    ISSUING THIS ORDER, FAIRLY AND DILIGENTLY CONSIDERED
                    ALL EVIDENCE PRESENTED BY BOTH PARTIES, THUS PROVIDING
                    DEFENDANT WITH "TWO BITES OF THE APPLE". AS MENTIONED
                    PREVIOUSLY, SUCH IS ESPECIALLY THE COURT'S PRACTICE
                    WHEN REVIEWING ARGUMENTS AND PLEADINGS MADE BY A PRO SE
                    PARTY
                    ORDER - FOR THE REASONS STATED HEREIN, DEFENDANT'S
                    MOTION TO AMEND/BE RELIEVED FROM JUDGMENT IS DENIED
                        IT IS SO ORDERED   S/JOSEPH FLICKINGER III, JUDGE

08/03/2006          FILE FORWARDED TO OFFICE OF SHERRY SIMMONS, COURT
                    REPORTER

08/28/2006          FILE RETURNED TO OPEN SHELF

08/28/2006     21   ORIGINAL TRANSCRIPT OF MOTION HEARING, 2/3/06, FILED
                    BY SHERRY SIMMONS, CHIEF AUDIO MONITOR.

10/05/2006          RECEIVED AN E-MAIL FROM LORI LAVALLEE, SUPERIOR COURT,
                    REGARDING MISSING RECORDS FOR AN APPEAL FILED IN
                    SUPERIOR COURT IN JULY. NO RECORD OF A CITATION ON
                    APPEAL BEING FILED IN CCP; STATED SUCH IN REPLY.

11/13/2006          PREPARED ORIGINAL PLEADINGS AND DOCKET ENTRIES IN
                    ANTICIPATION OF APPEAL.

11/17/2006          CITATION ON APPEAL RECEIVED FROM THE OFFICE OF THE
                    PROTHONOTARY (06A-07-005 MMJ)

11/22/2006          CERTIFIED TRANSCRIPT OF DOCKET ENTRIES, WITH COPIES
                    SENT TO ALL PARTIES, AND FILE CONTAINING ORIGINAL
                    PLEADINGS DELIVERED TO THE PROTHONOTARY.

11/22/2006          RECEIPT FROM PROTHONTARY FILED.

03/29/2007          CANNOT PROCESS ATTACHMENT FI FA - NO DOLLAR AMOUNT
                    RECORDED FOR THE AMOUNT OF JUDGMENT

01/03/2008          REQUEST FROM ATTORNEY FOR PLAINTIFF FOR AN AMENDED

COURT OF COMMON PLEAS - NEW CASTLE COUNTY
AS OF 07/08/2008                    PAGE    4

05-06-493

ORDER OF JUDGMENT RECEIVED; NO RECORD OF APPEAL OUTCOME

01/07/2008    DEFENDANT'S RESPONSE TO PLAINTIFF'S 1/3/08 REQUEST FOR
THE NEW ORDER FILED.

01/08/2008    CALL MADE TO LORI LAVALLEE, SUPERIOR COURT TO ASCERTAIN
STATUS OF APPEAL AND LOCATION OF ORIGINAL PLEADINGS.

01/09/2008    RECORDS RETURNED FROM SUPERIOR COURT, NEW CASTLE COUNTY

01/10/2008    COPY OF JUNE 7, 2007 ORDER FROM SUPERIOR COURT AND
OCT. 25, 2007 ORDER FROM SUPREME COURT PROVIDED BY
SUPERIOR COURT APPEAL CLERK.
SUPERIOR COURT ORDER AFFIRMED IN PART, REVERSED IN PART
AND REMANDED CASE; THE SUPREME COURT ORDER DISMISSED
THE APPEAL TO THAT COURT FOR FAILURE TO COMPLY WITH
SUPREME COURT RULE 42.

01/10/2008    FILE FORWARDED TO OFFICE OF JUDGE JOSEPH FLICKINGER III

04/04/2008    MOTION TO MODIFY SUMMARY JUDGMENT ORDER FILED BY
ATTORNEY FOR PLAINTIFF; NOTICED FOR 5/2/08. THIS CASE
ASSIGNED TO JUDGE FLICKINGER. FILE AND MOTION SENT TO
JUDGE FLICKINGER.

04/14/2008    DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT AND
OPPOSITION TO PLAINTIFFS MOTION TO REVISE SUMMARY
JUDGMENT ORDER FILED.

05/02/2008    MOTION TO MODIFY ORDER AND CROSS MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION SCHEDULED BEFORE JUDGE JOSEPH
FLICKINGER; BOTH PARTIES PRESENT AND BOTH PASSED THE
MOTIONS ON THE RECORD.

05/15/2008    MOTION TO MODIFY SUMMARY JUDGMENT ORDER RENOTICED BY
ATTORNEY FOR PLAINTIFF TO 6/13/08; CASE ASSIGNED TO
JUDGE FLICKINGER AND HIS MOTION CALENDAR IS 6/27/08.
NOTICES MAILED TO BOTH PARTIES.

05/19/2008    RENOTICE OF DEFENDANT'S CROSS MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FILED.
ALSO PUT ON THE CALENDAR FOR JUNE 27TH, 2008 AT 9 AM.

06/27/2008    MOTION TO MODIFY SUMMARY JUDGMENT ORDER, MOTION
FOR SUMMARY JUDMGENT AND OPPOSITION TO PLAINTIFF'S
MOTION TO REVISE SUMMARY JUDGMENT ORDEER PRESENTED
BEFORE JUDGE JOSEPH FLICKINGER. AFTER HEARING FROM
BOTH PARTIES, THE MOTION TO MODIFY SUMMARY JUDGMENT
ORDER WAS GRANTED AND DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT WAS DENIED. PLAINTIFF'S ATTORNEY
WAIVED ATTORNEY FEES AND AGREES TO CHANGE FROM
CONTRACT RATE TO LEGAL RATE OF INTEREST.

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY RECEIVED

| | |
|---|---|
| Great Seneca Financial Corporation | : |
| A Maryland Corporation, Assignee of | : |
| Madison Street Investments, Assignee of | : |
| Chase Manhattan Bank | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| Lifeng Lee Hsu | : |
| | : |
| Defendant. | : |

2008 APR -4 P 6: 31

DELAWARE JUDICIARY

Civil Action No. 2005-06-493

## MOTION TO REVISE SUMMARY JUDGMENT ORDER

Plaintiff, Great Seneca Financial Corp. ("Plaintiff") hereby moves the Court for an order revising the Summary Judgment Order entered by the Court to set forth the correct monetary amounts awarded as part of the judgment.

The grounds for the motion are as follows:

1.    On May 17, 2006, this Court entered an order granting summary judgment in favor of the Plaintiff and against the Defendant Lifeng Lee Hsug ("Defendant") in the above referenced matter.

2.    Following the entry of judgment, Plaintiff filed an attachment fi fa in an attempt to execute on the judgment at which time it came to Plaintiff's attention that the summary judgment order which the Court signed did not reference the monetary amounts of the judgment.

3.    The order signed by the Court, which was a form of order submitted by the Plaintiff, requested that judgment be entered "for the full amount of the complaint,". There was no detail provided in the order as the specific amount of the judgment.

**EXHIBIT**

F

4.    Based upon this deficiency, the clerk's office was unable to issue the writ of fi fa because the exact amount of the judgment was unknown.

5.    The Plaintiff now seeks an order amending the prior order of summary judgment in the form attached to this motion which allows judgment to be entered in favor of the Plaintiff and against the Defendant in the principal amount of $11,606 with interest at 24% per annum from February 18, 2005 until paid, court costs and attorneys fees of 20%.

6.    This form of order is in compliance with the Court's prior order which permitted judgment to be entered "for the full amount of the complaint."

7.    Although appeals were taken by the Defendant from the Court's order granting summary judgment on May 17, 2006, the case has been remanded to the Court of Common Pleas as all of the Defendant's appeals were unsuccessful.

Based upon the foregoing, the Plaintiff respectfully requests that the Court enter the order attached hereto amending the prior order granting summary judgment.

WOLPOFF & ABRAMSON, L.L.P.

BY:

Neal J. Levitsky, Esquire (No. 2092)
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE 19801
(302) 654-7444

Attorney for Plaintiff
Great Seneca Financial Corporation

WM1A 817516v1 04/04/08

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

Great Seneca Financial Corporation    :
A Maryland Corporation, Assignee of    :
Madison Street Investments, Assignee of    :
Chase Manhattan Bank    :
             :    Civil Action No.  2005-06-493
        Plaintiff,    :
             :
v.    :
             :
Lifeng Lee Hsu    :
             :
        Defendant.    :

## ORDER

AND NOW, this _____ day of _____, 2006 the Court having been presented with the Motion of Plaintiff Great Seneca Financial Corporation for Summary Judgment, and it appearing that there are no genuine issues of material fact,

IT IS HEREBY ORDERED that the Motion shall be Granted.  Judgment shall be entered in favor of the Plaintiff Great Seneca Financial Corporation and against the Defendant Lifeng Lee Hsu in the principal amount of $11,616.00 with interest at 24.0% per annum from 2/18/2005 until paid plus Court Costs and Attorney Fees of 20%.

_____
The Honorable Joseph F. Flickinger, III

WM1A 89207v1 11/17/06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Lifeng Lee Hsu                          )
                                        )
            Plaintiff                   )
                                        )
vs.                                     )        Civil Action No.:  1:08-CV-00293-SLR
                                        )
Wolpoff & Abramson, L.L.P.,             )
Great Seneca Financial Corporation,     )
Palisades Acquisition XVI, L.L.C.,      )
Fox Rothschild, L.L.P., and             )
Neal J. Levitsky                        )
                                        )
            Defendants                  )

## ORDER

Upon consideration of Defendants' Motion to Dismiss, it is this _____ day of

_____, 2008,

ORDERED, that the motion be, and hereby is granted and this matter is dismissed with

prejudice.


_____
JUDGE

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that two (2) copies of the attached pleading were served

this 11th day of July, 2008, upon the following individual, by U.S. Mail, postage prepaid:

Lifeng Lee Hsu
108 Cardinal Cir
Hockessin, DE  19707.


_____
Seth A. Niederman, Esquire

WM1A 904937v1 07/11/08