IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIFENG LEE HSU<br><br>    Plaintiff<br><br>    v.<br>WOLPOFF & ABRAMSON, L.L.P.<br>GREAT SENECA FINANCIAL CORP.<br>PALISADES ACQUISITION XVI, L.L.C.<br>FOX ROTHSCHILD LLP<br>NEAL J. LEVITSKY<br><br>    Defendants | Case #: 1:08-cv-293 (SLR) |

Plaintiff's Opposition to Defendants' Motion to Dismiss
And
Cross-Motion for Summary Judgment



Lifeng L Hsu
108 Cardinal Cir
Hockessin, DE 19707-2044
(302)573-5458
LLH@DTCC.EDU
Plaintiff

Mailed to Defendants July 21, 2008

## TABLE OF CONTENTS

TABLE OF CITATIONS ---------------------------------------------------------------------------- ii

INTRODUCTION ---------------------------------------------------------------------------------- 1

STATEMENT OF FACTS ------------------------------------------------------------------------ 2

SUMMARY OF ARGUMENTS ------------------------------------------------------------------ 4

ARGUMENTS

    I.    Arguments for Opposing Defendants' Motion to Dismiss under Rule 12(b) (6) ---------------------------------------------------------------- 5

    II.   Arguments for Summary Judgment:

        A. There is no genuine issue of material facts ------------------------------------ 6

        B. I am entitled to a judgment as a matter of law ------------------------------- 8

CONCLUSION ---------------------------------------------------------------------------------- 13

## TABLE OF CITATIONS

### FEDERAL CASES:                                                    PAGE:

Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) ---- 1

Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 330-31 (6th Cir. 2006) ------------------ 7

Mello v. Great Seneca Fin. Corp., 526 F. Supp. 2d 1020 (C.D. Cal., Nov. 5, 2007) ------- 7

Pollice v. National Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000) --------------------- 8, 11

Rice v. Palisades Acquisition XVI, LLC, 2007 Dist. LEXIS 92619
 (N.D. Ill., Dec. 18, 2007) ------------------------------------------------------------------------- 6

Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182 (D. Del. 1991) ------------------- 12

### STATE CASES:

Mahani v. EDIX Media Group, Inc, 935 A.2d 242 (Del. 2007) ------------------------------ 9

Violent Crimes Comp. Bd. v. Linton, 545 A.2d 624 (Del. 1988) --------------------------- 10

### STATUTES

5 Del. C. §§ 943, 945, 951 -------------------------------------------------------------------------- 8

6 Del. C. § 2301 -------------------------------------------------------------------------------------- 8

10 Del. C. § 3912 ------------------------------------------------------------------------------------ 9

15 U.S.C. § 1692e ------------------------------------------------------------------------------- 10, 11

15 U.S.C. § 1692e (2) (A) ------------------------------------------------------------------------- 10

15 U.S.C. § 1692e (2) (B) ----------------------------------------------------------------------- 9, 10

15 U.S.C. § 1692e (10) ---------------------------------------------------------------------------- 10

15 U.S.C. § 1692f(1) -------------------------------------------------------------------- 8, 10, 11

## I.   INTRODUCTION

On May 19, 2008, I, Pro Se Plaintiff Lifeng Lee Hsu, filed my Complaint with this Court alleging that Defendants Wolpoff & Abramson, L.L.P.(W&A), Great Seneca Financial Corp (Great Seneca), Palisades Acquisition XVI, LLC (Palisades), Fox Rothschild LLP (Fox Rothschild), and Neal J. Levitsky (Levitsky) violated the Fair Debt Collection Practices Act ("FDCPA"). On July 11, 2008, Defendants filed the Motion to Dismiss based upon Fed.R.Civ.P. Rule 12(b)(6) for failure to assert any claims. However, Defendants' arguments are flawed because (1) my complaint satisfies the Rule 8(a) pleading requirements and has provided "the grounds of [my] entitlement to relief, [which are] more than labels and conclusions…." Bell Atl. Corp. v. Twombly, --U.S.--, 127 S.Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), (2) The Judgment from the State Courts that Defendants rely upon is not final, and (3) The interpretation of statutes on legal interest rate and attorney's fees and costs that Defendants cited is partial and inapplicable.

Since Defendants asserted the defense under Rule 12(b)(6), so pursuant to Rule 12(b) this is treated as one for summary judgment. Therefore, in addition to opposing Defendants' Motion to Dismiss, I respectfully cross move for summary judgment.

## II.  STATEMENT OF FACTS

On June 29, 2005, Defendant Levitsky, on behalf of Great Seneca, brought suit against me in the Court of Common Pleas for the State of Delaware, New Castle County (CPP) for an authorized defaulted credit card debt that Great Seneca purchased. All communications from Levitsky were under the names of W&A and Fox Rothschild. During the entire action, it was Attorney Seth Neiderman from Fox Rothschild who appeared in the court. (Compl. ¶9; other details, not relevant to this case, were described in the related case #: 1:06-cv-401-***.)

Today, the above mentioned State Court action is still pending in the Court of Common Pleas (CPP). (Compl. ¶10; Exhibit E, CCP's docket, attached to Defendants' Motion to Dismiss).

On 01/03/08, 05/02/08 and 06/27/08, all Defendants except Palisades attempted to collect 24% annual interest rate and 20% court costs and attorneys fees from the principal amount of $11,606 through a motion to modify the 05/17/06 CPP summary judgment order. (Compl. ¶11 and item 5, Exhibit F attached to Defendants' Motion to Dismiss.)

On 1/7/2008 and 4/14/2008, I informed Defendants Levitsky, Fox Rothschild, W&A, and Great Seneca (1) that this case was remanded by the Superior Court order and was being returned to CCP for further proceedings, (2) that 24% interest rate was not a legal rate set by the state of Delaware unless it is expressed by contract, and (3) that under American rule and Delaware law, each

litigant shall pay for its own ligation costs unless the prevailing party can show that the losing party is contracted to pay for those expenses. (Compl. ¶12)

On May 05, 2008 W&A sent me a collection letter with the title of "PALISADES ACQUISITION XVI, LLC ASSIGNEE OF GREAT SENECA FIN." The balance requested was $22,899.18 which was $11,283 more than the original alleged principle of $11,616. The opening sentence of the collection letter states "As attorneys for our above-referenced judgment creditor, we are writing in an effort to collect remaining balance due on the above-referenced judgment." (Compl. ¶13, ¶14 and copy of the letter attached to the complaint)

## III. SUMMARY OF ARGUMENTS

I. **Arguments for Opposing Defendants' Motion to Dismiss under Rule 12(b)(6):**

   My complaint satisfies the Rule 8(a) pleading requirements and has provided the grounds of my entitlement to relief. Moreover, the collection letter attached to my complaint is more than a label and a mere conclusive statement.

II. **Arguments for Summary Judgment:**

   A. There is no genuine issue of material facts:

   i. All defendants are debt collectors under the FDCPA.

   ii. All defendants except Palisades did attempt to collect 24% interest rate and 20% court costs and attorneys fees.

   iii. The State Court action is still pending but Defendants have already sent me a Judgment collection letter.

   B. I am entitled to a judgment as a matter of law:

   i. It is the violation of the FDCPA to collect 24% interest rate and 20% court costs and attorneys fees unless it is expressed in the contract. Defendants could not provide such contract.

   ii. Attempting to collect a misrepresented or a non-existent debt is the violation of the FDCPA.

   iii. Punitive and Emotional Distress Damages are appropriate.

## IV. ARGUMENTS

I. **Arguments for Opposing Defendants' Motion to Dismiss under Rule 12(b) (6):**

My Complaint satisfies the Rule 8(a) pleading requirements because:

1. The collection letter attached to my complaint clearly showed that it was Palisades that retained W&A to collect the judgment debt it obtained from Great Seneca.

2. My complaint stated that the State Court action was still pending and Defendants already sent me the Judgment collection letter.

3. My complaint stated that all defendants except Palisades attempted to collect interest rate and attorneys fees that are not allowed by law without showing the contract. This fact is also specified at item 5 of Defendants' Exhibit F that was attached to Defendants' Motion to Dismiss;

4. My complaint contains two sections labeled "Claim for Relief" and "Demand for Relief" where I clearly specified the dollar amount sought for what acts and which statutes were violated.

Therefore, my complaint does not contain unsupported conclusions and unwarranted inferences and thus cannot be dismissed under Rule 12(b) (6).

II.     **Arguments for Summary Judgment:**

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.

A.   **There is no genuine issue of material facts:**

   i.   **All defendants are debt collectors under the FDCPA.**

   1. Palisades and Great Seneca are debt collectors because they regularly engage in the collection of consumer debts. The following information was obtained from page F-7 of Annual Report of Asta Funding, Inc. (a public record) ended September 30, 2007(emphasis added):

   > On February 5, 2007, Palisades Acquisition XV, LLC, a wholly-owned subsidiary of the Company, entered into a Purchase and Sale Agreement (the "Portfolio Purchase Agreement") with <u>Great Seneca Financial Corporation</u>, and other affiliates (collectively, the "Sellers"), under which we agreed to acquire a portfolio of approximately $6.9 billion in face value receivables (the "Portfolio Purchase") for a purchase price of $300 million plus 20% of any future Net Payments (as defined in the Portfolio Purchase Agreement) received by the Company after the Company has received Net Payments equal to 150% of the purchase price plus our cost of funds. <u>The Portfolio Purchase (now owned by Palisades Acquisition XVI, LLC ("Palisades XVI")) predominantly consists of credit card accounts and includes some accounts in collection litigation and accounts as to which the Sellers have been awarded judgments.</u>

   Additionally, the court in <u>Rice v. Palisades Acquisition XVI, LLC</u>, 2007 Dist. LEXIS 92619 (N.D. Ill., Dec. 18, 2007) also concluded that Palisades was the debt collector under the FDCPA.

        Many federal cases also indicate that Great Seneca is a debt collector because it regularly engages in the collection of the consumer debts. The following are two examples: <u>Harvey v. Great Seneca Fin. Corp.</u>, 453 F.3d 324, 330-31 (6th Cir. 2006) and <u>Mello v. Great Seneca Fin. Corp.</u>, 526 F. Supp. 2d 1020 (C.D. Cal., Nov. 5, 2007).

2. W&A, Fox Rothschild, and Levitsky are debt collectors because they regularly engage in the collection of consumer debts through litigation. In compliance with the FDCPA, the letters they sent me indicated that they were the debt collectors and the correspondence was for the purpose of debt collection.

ii. **All defendants except Palisades did attempt to collect 24% interest rate and 20% court costs and attorneys fees.**

        Item 5, Exhibit F attached to Defendants' Motion to Dismiss clearly indicates this fact.

iii. **The State action is still pending but Defendants has already sent me a Judgment collection letter.**

        The judgment collection letter that I attached to my complaint was dated May 05, 2008, but Exhibit E (CCP's docket) attached to Defendants' Motion to Dismiss indicates that there was no final judgment from CCP by that date. Moreover, there cannot be a final judgment unless I have exhausted all my appellate opportunities.

**B.  I am entitled to a judgment as a matter of law:**

**i.  It is the violation of the FDCPA to collect 24% interest rate and 20% court costs and attorneys fees because Defendants could not provide a copy of the agreement creating the debt.**

15 USC § 1692f(1) specifies the following conduct is a violation of the FDCPA:

> *The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

In <u>Pollice v. National Tax Funding, L.P.</u>, 225 F.3d 379 (3d Cir. 2000), our Court of Appeals states:

> *With regard to section 1692f(1), the question is whether the rates of interest and penalties the defendants charged are "expressly authorized by the agreement creating the debt or permitted by law."*

So, the question here is whether 24% interest rate and 20% attorneys fees are permitted by law since defendants cannot provide a copy of the agreement creating the debt.

To support their arguments, defendants cited 5 Del. C. §§ 943, 945 and 951. However, all these statutes clearly state **"if the agreement governing the revolving credit plan so provides"**. This implies that all these statutes require the showing of the contract. Without showing the contract, the applicable statute is 6 Del.C. § 2301 which states "Where there is no expressed contract rate, the legal rate of interest shall be 5% over the Federal

Reserve discount rate including any surcharge as of the time from which interest is due." Therefore, 24% of interest rate is clearly higher than the legal rate and thus not permitted by law because no agreement creating the debt is provided.

For Attorneys Fee and Court Costs, Defendants also cited 10 Del. C. § 3912. However, defendants only cited part of the statute and omitted the necessary condition of the code (emphasis added): "Such counsel fees shall not ... exceed 20 percent of the amount adjudged for principal and interest. <u>Such counsel fees shall not be entered as a part of such judgment unless the note, bond, mortgage, invoice or other instrument of writing sued upon, by the terms thereof, expressly provides for the payment and allowance thereof</u>." Without providing the copy of the contract, defendants are not entitled to the Attorneys Fees. This conclusion is also supported by Delaware Supreme Court which held that *"Under the American Rule and Delaware law, litigants are normally responsible for paying their own litigation costs."* <u>Mahani v. EDIX Media Group, Inc</u>, 935 A.2d 242 (Del 2007)

Furthermore, 15 U.S.C. § 1692e(2)(B) states that "The false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt" is a violation of the FDCPA.

Therefore, all defendants except Palisades violated § 1692f(1) and § 1692e and thus the summary judgment on this issue shall be entered for me against all defendants except Palisades.

ii. **Attempting to collect a misrepresented or a non-existent debt is the violation of the FDCPA.**

Delaware Supreme Court consistently held that "an order of remand by the Superior Court … is an interlocutory and not a final order." <u>Violent Crimes Comp. Bd. v. Linton,</u> Del. Supr., 545 A.2d 624 (1988). The judgment that Defendants rely upon is not final, and thus not a valid reason for sending me the judgment collection letter.

15 USC § 1692e specifies the following conduct is a violation of the FDCPA:

> *(2) The false representation of--*
> *(A) the character, amount, or legal status of any debt; or*
> *(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.*
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

Sending a judgment collection letter while the debt collection lawsuit is still pending is a clear indication of false representation and a deceptive means to collect a debt. All defendants except Palisades are involved with the current State Court debt action, so they all directly violated the FDCPA.

Palisades, as a debt collector, will also be liable for this violation because our Court of Appeals in <u>Pollice</u> concluded that:

> *[A]n entity that is itself a "debt collector"--and hence subject to the FDCPA--should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf.*

Therefore, all defendants violated § 1692f(1) and § 1692e by sending me the judgment collection letter while the debt collection lawsuit is still pending. Thus, the summary judgment shall be entered for me against all defendants on this issue.

iii. **Punitive and Emotional Distress Damages are appropriate.**

Defendants argue that the punitive damage is not available under FDCPA. This is generally true, but they may be awarded when a defendant's misconduct is serious or aggravated[1]. As indicated in my complaint that, before I filed my complaint, I had informed defendants on two occasions that the fees that they attempted to collect were not permitted by law unless the contract was provided. However, defendants ignored my "good intention". Consistently attempting to collect debts not permitted by law from the powerless consumers through litigation is the abuse of our legal system. This misconduct is more serious when attorneys are involved. It is not only unethical but also the violation of the Delaware Lawyers' Rules of Professional Conduct. So, the punitive damage is very appropriate in this case.

---

[1] D. Dobbs, 1 Law of Remedies § 311(1) (2d ed. 1993)

Finally, Defendants argue that I did not allege any facts supporting my claim for emotional distress damages. However, it is a well known fact that under our complex legal system, litigating is quite distressful for a regular person without any legal training. Besides, this Court has precedence to award emotional distress damage to the plaintiff of the FDCPA case. Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182; 1991 U.S. Dist. LEXIS 2358 (D. Del. 1991)

## V. CONCLUSION

For the reasons provided herein, Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied and Plaintiff's Cross Motion for Summary Judgment be granted.

*/s/ Lifeng Lee Hsu*
LIFENG LEE HSU (Pro Se Plaintiff)
108 Cardinal Circle
Hockessin, Delaware 19707
(302) 573-5458
LLH@DTCC.EDU

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that 2 copies of Plaintiff's attached documents were served on the 21st day of July, 2008 on the following in the manner indicated below:

<u>*Via U.S. Mail*</u>

Neal J. Levitsky, Esq.
Fox Rothschild LLP
919 N. Market Street, Ste. 1300
Wilmington, DE 19899

*/s/ Lifeng Lee Hsu*
Lifeng Lee Hsu (Pro Se Plaintiff)
108 Cardinal Cir
Hockessin, DE 19707-2044
(302) 573-5458
LLH@DTCC.EDU



Lifeng L. Hsu
108 Cardinal Lin
Hockessin, DE 19707

Peter T. Dalleo, Clerk
United States District Court
844 King Street, Lockbox 18
Wilmington, DE 19801