IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Lifeng Lee Hsu | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No.:   1:08-CV-00293-SLR |
| | ) | |
| Wolpoff & Abramson, L.L.P., | ) | |
| Great Seneca Financial Corporation, | ) | |
| Palisades Acquisition XVI, L.L.C., | ) | |
| Fox Rothschild, L.L.P., and | ) | |
| Neal J. Levitsky | ) | |
| | ) | |
|     Defendants | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND DEFENDANTS' OPPOSITION TO PLAINTIFF'S "COUNTER-MOTION" FOR SUMMARY JUDGMENT

I.    INTRODUCTION

Lifeng Hsu, a resident of Hockessin, Delaware (Plaintiff's Complaint ["Compl."] ¶2) has sued Wolpoff & Abramson, L.L.P. ("W&A"), a law firm practicing in the field of creditor rights and debt collection (Compl. ¶3), W&A's clients, Great Seneca Financial Corporation ("Great Seneca") (Compl. ¶4) and Palisades Acquisition, L.L.C. ("Palisades") (Compl. ¶5) and W&A's local counsel Neal Levitsky, (Comp. ¶7), of the law firm Fox Rothschild, L.L.P. (Comp.¶6). Plaintiff's Complaint arises out of collection activity and litigation to pursue Plaintiff for his delinquent credit card debt.  Based on alleged improper action in the collection and litigation process, Plaintiff asserts causes of action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f(1).  Plaintiff seeks declaratory relief, actual damages for emotional distress, statutory and punitive damages.

Defendants have filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), and Plaintiff has responded by filing a conclusory opposition to that motion as well as a "Cross-Motion For Summary Judgment" that fails to present admissible evidence to support a judgment in his favor and misapprehends the relevant law. In the interests of judicial economy, Defendants submit this combined Memorandum of Law both in support of their Motion to Dismiss and in opposition to Plaintiff's Motion for Summary Judgment.

II.    STATEMENT OF MATERIAL FACTS [1]

On June 29, 2005, Mr. Levitsky and Fox Rothschild, LLP, filed suit on behalf of Great Seneca (as assignee) against Hsu seeking payment of the balance due and owing on a credit card debt ($11,616), together with interest at 24 percent per annum from February 18, 2005 until paid, plus court costs, and attorney's fees of 20 percent. (DI 5, Exh. A.)[2]  On May 17, 2006, the Court of Common Pleas for the State of Delaware, in and for New Castle County, the Honorable Joseph F. Flickinger III, granted Summary Judgment in favor of Great Seneca. (DI 5, Exh. B.) Hsu filed a Motion to Amend Judgment, which was denied by the Court of Common Pleas on June 28, 2006. (DI 5, Exh. C.)

Hsu filed an appeal in the Delaware Superior Court, and that Court affirmed with one exception[3] all of the lower court's legal and factual findings regarding the debt owed and the judgment entered. (DI 5, Exh. D, ¶16.)  The Court held that Hsu was obliged as the debtor on

---

[1] As Plaintiff has attempted to bring a motion for summary judgment, Defendants have set forth their Statement of Undisputed Material Facts, with citations to admissible evidence. Fed. Rule Civ. Proc., Rule 56(c).

[2] On a Motion to Dismiss, this Court may properly consider any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." Buck v. Hampton Tp. School Dist., 452 F.3d 256, 260 (3rd Cir. 2006), citing 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004). Here, this would include taking judicial notice of the public records of the State court collection action (Great Seneca v. Hsu, Court of Common Pleas of the State of Delaware in and for New Castle County, Action No. 2005-06-493) and on appeal therefrom (Hsu v. Great Seneca, Superior Court of the State of Delaware, in and for New Castle County, Action No. 06A-07-005 MMJ.)

[3] The Superior Court found that Hsu had raised a material issue of fact as to whether a letter dated March 21, 2005 was timely mailed, so as to require that collection efforts temporarily cease, and further held that the letter was sufficient notice that the debt was disputed pursuant to 15 U.S.C. §1692g(b). The judgment on those issues was reversed and remanded for further proceedings. (DI 5, Exh. D, ¶16.)

the account (DI 5, Exh. D, ¶5) and that Great Seneca was entitled to summary judgment on the defaulted credit card account. (DI 5, Exh. D, ¶16; Exh. B, at 1 & 9.)   Hsu's further appeal to the Delaware Supreme Court was dismissed for failure to comply with the appellate rules. (DI 5, Exh. E, at 4, 01/10/2008.)

In January 2008, Great Seneca, through its counsel attempted to obtain an amended order of judgment that would indicate the specific dollar amounts allowed. (DI 5, Exh. E, at 3-4, 01/03/2008). On April 4, 2008, Great Seneca filed a Motion to Amend Judgment, again seeking to have the judgment include a dollar amount.  (DI 5, Exh. E, at 4, 04/04/2008; DI 5, Exh. F.) On June 27, 2008, the Court of Common Pleas, entered an amended judgment in favor of Great Seneca in the amount of $11,616.00, plus costs and interest at the legal rate. (DI 5, Exh. E, at 4, 06/27/2008.) The minute order further indicates that counsel for Plaintiff Great Seneca, a Defendant herein, waived attorney's fees and agreed to change from the contract rate to the legal rate of interest.  (DI 5, Exh. E, at 4, 06/27/2008.)

III.    PLAINTIFF'S    "CROSS-MOTION"    FOR    SUMMARY    JUDGMENT    IS
        PROCEDURALLY IMPROPER AND MERITLESS AND SHOULD BE DENIED

        A.    The Materials Relied on By Defendants in Support of their Motion to Dismiss Do
              Not Require this Court to Convert Defendants' Motion to A Motion for Summary
              Judgment

Plaintiff responded to Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure, Rule 12 (b)(6) by filing an Opposition and an improper "Cross-Motion for Summary Judgment" under Rule 12(b).  However, as the Third Circuit has made clear, "[a]lthough the plain language of Rule 12(b) seems to require conversion whenever a district court considers materials outside the pleadings, we and other courts of appeals have held that a court may

consider certain narrowly defined types of material without converting the motion to dismiss." In re Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287 (3rd Cir. 1999).

"[A] court can consider a document *integral to or explicitly relied upon* in the complaint." Id., *citing* In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3rd Cir. 1997) (emphasis in original, internal citations and quotations omitted.) Similarly, "a district court may examine an 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" Id., *citing* PBGC v. White Consol. Indus., 998 F.2d 1192, 1196 (3rd Cir.1993) "The rationale for these exceptions is that the primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff-is dissipated where plaintiff has actual notice ... and has relied upon these documents in framing the complaint. " Id.

Here, the documents Defendants attached are all documents related to the very state court proceedings on which Plaintiff bases his complaint. Plaintiff has clearly had actual notice of these documents. As such, they are properly considered by this Court on a motion to dismiss, and Plaintiff's attempt to convert that motion to one for summary judgment should not be countenanced.

B.    Summary Judgment Must Be Denied, Where, As Here, the Moving Party Has Failed to Establish the Absence of a Genuine Issue of Material Fact Entitling Him to Judgment as a Matter of Law

Under Federal Rule of Civil Procedure, Rule 56(c), summary judgment is proper " if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of

showing an absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Here, to prevail on summary judgment, Plaintiff must prove that Defendants used "false, deceptive or misleading representations or means in connection with the collection of any debt . . .including the false representation of the character, amount or legal status of any debt . . . or any compensation which may be lawfully received by any debt collector for the collection of a debt . . ." [15 U.S.C. § 1692e(2) & (10)] or that Defendants used "unfair or unconscionable means to collect or attempt to collect any debt information,. . . [including] the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressing authorized by the agreement creating the debt, or permitted by law." 15 U.S.C. §1692f(1). For the following reason, he cannot do so here.

> 1.    Plaintiff Has Presented No Evidence That The Alleged Debt Is Subject to The FDCPA

In order to establish that he would be entitled to judgment as a matter of law on either Count of his Complaint, Hsu must prove as a threshold issue that his claims fall within the ambit of the FDCPA. He has failed to do so.

The FDCPA, 15 U.S.C. §1692 *et seq.*, regulates debt collection practices only as to specific debts. Section 1692a provides "as used in this subchapter . . . (5) The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes. . . ."

Consequently, in order to prevail on summary judgment, Plaintiff must demonstrate that there is no genuine issue that the debt involved in the underlying proceeding was primarily for

personal, family or household purposes.   He has presented no evidence at all on this issue, and has not even so pled in his Complaint.[4]

> 2.    The May 2, 2008 Collection Letter Is Not Properly Before This Court, and Cannot Provide a Basis For Granting Summary Judgment

Motions for summary judgment must be based on admissible evidence.  Wetzel v. Tucker, 139 F.3d 380, 383 (3rd Cir.1998).   Here Plaintiff is arguing that a purported May 2, 2008 collection letter, attached as an exhibit to his complaint, shows a violation of the FDCPA entitling him to summary judgment. However, there is no affidavit or any other information to authenticate the letter, and it should not be considered on summary judgment.

> 3.    Plaintiff Has Not, And Cannot Establish That Defendants' Actions In Attempting to Collect Costs and Fees Were In Violation of The FDCPA.

As set forth more fully in Defendants' Memorandum of Law in Support Of Their Motion To Dismiss (DI 5, pp. 6-9), and incorporated herein by reference, Plaintiff cannot prove any violation of the FDCPA on the facts alleged in his complaint or the evidence properly before this Court.

First, at all times complained of (e.g. January 3, 2008, May 2, 2008, and June 3 & 27, 2008) when fees and costs were sought, or alleged to be due and owing, there was a valid, enforceable judgment in the Court of Common Pleas, granting summary judgment on the complaint – a complaint which sought the exact fees and interest that Plaintiff complains of. (*See* DI 5, pp. 6-8, Exh. A, Exh. B, 1 & 9).  Plaintiff never sought to have the judgment stayed pursuant to Delaware Rule of Court, Rule 62(c), and the judgment remained valid pending the appeal.  Furthermore, the Delaware Superior Court **affirmed** the judgment that Plaintiff owed that amounts sought in the Complaint. (DI 5, Exh. D, ¶¶ 5 & 16.)   The fact that the Superior

---

[4] This also provides yet another ground upon which to dismiss Plaintiff's Complaint.

Court remanded on a discrete FDCPA issue did not affect the validity of the judgment as to the debt owing and the fees and costs allowed. [5]

Second, seeking a 24 percent rate of interest, and a 20 percent attorney's fee are not violations of the FDCPA. As set forth in Defendants' Motion to Dismiss (DI 5, pp. 8-9), Delaware Law does not cap interest rates and allows fees up to 20%, where such rates and fees are provided by agreement. Here, Plaintiff has not alleged, much less proven, that his credit card agreement did not so provide. It is not a violation of the FDCPA, and is not a mischaracterization of the debt, to file of a lawsuit, even if the creditor or debt collector does not have the present means to prove the debt. Harvey v. Great Seneca Financial Corporation, 453 F.3d 324, 332-33 (6th Cir. 2006) (finding no violation under 15 U.S.C. § 1692e(10).) Similarly, numerous courts have held that prayers for relief do not amount to violations of 15 U.S.C. §1692e(2) or §1692f. See e.g. See, Reyes v. Kenosian & Miele, LLP, 2008 WL 171070, *10 (N.D. Cal. 2008); Cisneros v. Neuheisel Law Firm, P.C., 2008 WL 65608, *3 (D. Ariz. 2008) ("the prayer for relief did not constitute a misleading communication . . . Plaintiff would not have been . . . misled by the amount sought in Defendant's prayer for relief"); Cheng v. Messerli and Kramer, P.A., 2007 WL 1582714, *2 (D. Minn. 2007); Bull v. Asset Acceptance, LLC, 444 F.Supp. 2d 946, 950 (N.D. Ind. 2006); and Rael v. Davis, 2006 WL 2346396, *4-5 (S.D. Ind. 2006) ("A prayer for relief in a complaint, even if it specifies the quantity of attorney fees, is just that: a request to a third-party – the Court – for consideration, not a demand to the debtor

---

[5] Plaintiff's citation to Violent Crimes Comp. Bd. v. Linton, 545 A.2d 624 (Del. Supr. 1988) is inapposite. The language cited merely indicates that "an order of remand by the Superior Court *to the Industrial Accident Board* is an interlocutory and not a final order" in the context of setting forth the criteria for determining when an order of remand shall be accepted for interlocutory review. Further, here, the Superior Court did not remand on the issue of the debt or the recoverable fees and costs, but rather affirmed those portions of the judgment.

himself.")  The fact that on remand the creditor's counsel *waived* fees and *agreed* to a lower interest rate,[6] does not make the request for it in earlier pleadings actionable.

Further, as previously discussed, by May 2008, when the unauthenticated collection letter was allegedly sent, the Superior Court of Delaware had already affirmed the lower court's judgment awarding the interest and fees sought in the collection letter.  Therefore, Plaintiff cannot establish that there was anything false or misleading about that letter.

Fourth, punitive damages are not available for violations of the FDCPA.  Rather, 15 U.S.C. § 1692k(a) limits damages in an FDCPA action brought by an individual to actual and statutory damages. Plaintiff cites no legal authority for the proposition that punitive damages are available in an action alleging only violations of the FDCPA.

Finally, while emotional distress damages are available in an FDCPA action as actual damages, Plaintiff here has submitted no evidence that he has suffered any such damages.  There are no affidavits, no doctor's bills, no testimony, not even a single fact pled in the Complaint to support such damages.  Instead, Plaintiff seems to argue that this Court should presume that he suffered emotional distress damages because he was involved in litigation originally brought by Defendants – litigation to recover on a valid debt that Plaintiff had not paid.  That is not the holding of the case he has cited.[7]  Rather, courts require some evidence *beyond* self-serving statements of emotional distress.[8]  Here we do not even have that to support Plaintiff's claim.

---

[6] DI  5, Exh. E, at 4, 06/27/2008.
[7] Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182 (D. Del. 1991).
[8] *See* Cousin v. Trans Union Corp., 246 F.3d 359, 371 (5th Cir. 2001) (reasoning that the plaintiff's conclusory assertions about being "very upset" and "angry" were insufficient); Wantz v. Experian Information Solutions, 386 F.3d 829, 834 (7th C.A. 2004) (finding Plaintiff's testimony as to emotional damages that: (1) he was " 'humiliated and embarrassed' every time he was rejected for credit"; (2) it is "mentally and emotionally distressful when dealing with credit reporting agencies"; and (3) it is "embarrassing to go somewhere and have them check your credit report and see all that stuff on there," insufficient to raise a triable issue of fact to defeat Defendant's summary judgment motion.)

There is simply no evidence before this Court on emotional distress damages, and summary judgment cannot be granted in Plaintiff's favor on that claim.

IV.    PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO STATE A CAUSE OF ACTION AGAINST ANY DEFENDANT, AND DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED

The Supreme Court has made it clear – the standard governing rulings on motions to dismiss under Rule 12(b)(6) imposes upon a Plaintiff the "obligation to provide the grounds of his entitlement to relief, [which] requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." Bell Atlantic Corp. v. Twombly, __ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007).    Defendants have properly shown that Plaintiff's Complaint, when read in light of the facts contained in the record of the State Court Action, does not set forth facts entitling him to relief. Plaintiff's Opposition, conclusory in itself, merely reasserts the conclusions contained in his Complaint. *See* DI 6, at 5.    As demonstrated in Defendants' Memorandum of Law in Support of Their Motion to Dismiss (DI 5), as well as in the arguments set forth above, the defects in Plaintiff's Complaint are not merely technical, but rather rest on the misapprehension of the procedural consequences of the State Court's various rulings, and of the relevant law, and cannot be cured by amendment.

V.    CONCLUSION

For the reasons set forth herein, Defendants respectfully request that Plaintiff's "Cross-Motion" for Summary Judgment be denied, that Defendants' Motion to Dismiss be granted, and that the Complaint be dismissed with prejudice.

WOLPOFF & ABRAMSON, L.L.P.

BY: _____

Neal J. Levitsky, Esquire
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Ste. 1300
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 656-2555
Outside Wilm. Area:
1-800-678-0303
Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that two (2) copies of the attached were served this 26th day of August, 2008, upon the following individual, by U.S. Mail, postage prepaid, as follows: Lifeng Lee Hsu, 108 Cardinal Cir, Hockessin, DE 19707.

_____

Neal J. Levitsky, Esquire
Attorney for Defendants

10